IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ANDREA L. MONTOYA and, | ) | CASE NO. 05-81832-G3-13 |
| JUAN M. MONTOYA, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court has considered the "Motion of Hometrust Mortgage Company for Relief from the Stay" (Docket No. 11). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion in part, and conditioning the automatic stay. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Andrea L. Montoya and Juan M. Montoya ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 29, 2005.

Prior to the filing of the instant case, Debtors filed a voluntary petition on July 2, 2004, in Case No. 04-39425-H4-13 (the "First Case"). That case was dismissed by order entered May 9, 2005. (Docket No. 35, Case No. 04-39425-H4-13).

In the First Case, Debtors filed schedules indicating that Juan Montoya had gross income of $3,466.67 and net income of $2,903.34. The schedules indicated that Andrea Montoya had zero income. (Docket No. 21, Case No. 04-39425-H4-13). Debtors filed a plan in the First Case, providing for Debtors to pay to the Chapter 13 Trustee $225 per month for the first 12 months, and $550 per month for the next 48 months. The plan provided for distribution to Hometrust Mortgage Company ("Hometrust") of $23,277, on behalf of its secured arrearage claim on Debtors' homestead. The plan provided for Debtors to make the regular monthly mortgage payments directly to Hometrust. (Docket No. 17, Case No. 04-39425-H4-13). Debtors' plan in the First Case was confirmed, by order entered November 29, 2004. (Docket No. 23, Case No. 04-39425-H4-13).

On February 14, 2005, Hometrust filed a motion for relief from stay, asserting that Debtors failed to pay seven regular monthly mortgage payments after the filing of the First Case. On March 8, 2005, an agreed order was entered, reflecting the agreement of Hometrust and Debtors to condition the automatic stay on Debtors' making the regular monthly mortgage payments, remaining current in payments to the Chapter 13 Trustee, paying $3,000 on or before March 11, 2005, and an additional $1,359.70 each month until the postpetition arrearage was paid in full, to Hometrust. (Docket No. 29, Case No. 04-39425-H4-13). As noted

above, Case No. 04-39425-H4-13 was dismissed on May 9, 2005, and the instant case was filed on June 29, 2005.

In the instant motion, Hometrust seeks relief from the automatic stay, in order to foreclose on Debtors' homestead.

Jerome Fenske, an account manager for Hometrust, testified that Debtors made the $3,000 payment called for under the March 8, 2005 agreed order, and made one partial monthly payment.  He testified that the remainder of the payments under the March 8, 2005 agreed order were not made.

Fenske testified that Debtors purchased the property in October, 2002.  He testified that approximately 30 payments have become due since the inception of the loan.  He testified that Debtors have made only six or seven payments.

The claims register in the instant case does not reflect that Hometrust has filed a proof of claim.  Fenske testified that the arrearage owing as of the date of the petition in the instant case was $33,345.20.

In the plan in the instant case, Debtors propose to make payments of $650 per month, for 60 months.  The plan provides for distribution to Hometrust of $30,263, on behalf of its secured arrearage claim on Debtors' homestead.  The plan provides for Debtors to make the regular monthly mortgage payments directly to Hometrust.  (Docket No. 2).

In the instant case, Debtors' schedules reflect that

Juan Montoya has gross income of $4,808.40 per month, and net income of $3,773.41 per month. Andrea Montoya has income of $300 per month. Juan Montoya voluntarily deducts $192.33 per month from his income for retirement. Andrea Montoya testified that Juan Montoya may be able to eliminate some or all of the retirement deduction, in order to make payments.

Andrea Montoya testified that Debtors incurred a large mortgage arrearage prior to the filing of the First Case as a result of poor advice from the attorney who represented them in the First Case. She testified that, at the time of the First Case, Debtors had not prepared a budget that would permit them to live within their means and meet their obligations, including the payments called for under their Chapter 13 plan. She testified that she has obtained financial counseling in order to create a livable budget.

Andrea Montoya testified that, since the instant case was filed, she has made three regular monthly payments. Fenske testified that Hometrust has received only two payments since the date of filing of the instant case.

Andrea Montoya testified that, as to the payment which became due July 1, 2005, she intended that the payment be paid through the Chapter 13 plan.

4

<u>Conclusions of Law</u>

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if
>>
>>> (A) the debtor does not have an equity in such property;  and
>>>
>>> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

The party requesting relief from the stay has the burden of proof on the issue of the debtor's equity in property. The party opposing relief has the burden of proof as to all other issues.  11 U.S.C. § 362(g).

What constitutes "cause" for the lifting of the stay pursuant to Section 362(d)(1) is not defined in the Bankruptcy Code.  Whether cause exists must be determined on a case by case basis based on an examination of the totality of circumstances. <u>In re Trident Assoc. L.P.</u>, 52 F.3d 127 (6th Cir. 1995); <u>Claughton v. Mixson</u>, 33 F.3d 4 (4th Cir. 1994); <u>In re Tucson Estates, Inc.</u>, 912 F.2d 1162 (9th Cir. 1990).

5

In the instant case, cause exists to grant partial relief as to the automatic stay.  The plan, in its present form, does not provide for adequate protection of Hometrust's interest in the property.  Moreover, Debtors have a history of failure to make payments called for under the mortgage, agreed orders, and their Chapter 13 plan.  However, Debtors have made changes in their income and their lifestyle, and appear to have the ability to amend their plan, and make payments under the plan, sufficient to provide Hometrust with adequate protection.  The court concludes that Debtors should be given a last chance to retain their homestead, if they are able to provide adequate protection of Hometrust's interest in the property.

Based on the foregoing, a separate Judgment will be entered on the "Motion of Hometrust Mortgage Company for Relief from the Stay" (Docket No. 11) granting the motion in part, and conditioning the automatic stay.

Signed at Houston, Texas on December 1, 2005.

HONORABLE LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE